IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CLEMONS, | No. C 10-5484 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DEPUTY ERIK KEENER, | |
| Defendant. | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by an inmate at the Lake County Jail. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that during a traffic stop, defendant Erik Keener, a Sheriff's Deputy in the Lake County Sheriff's Department, got out of his car with his gun drawn as he approached plaintiff's truck. Plaintiff fled in his truck from Keener, and Keener pursued in his car. Plaintiff alleges that every time he slowed down, Keener got closer. Plaintiff alleges that he eventually parked his truck on low shrubbery on the side of the road, jumped out of the truck, threw himself on top of the cab, and jumped off the road. In the course of doing this, plaintiff alleges that he hit his head and pulled the rotator cuff on his shoulder. Plaintiff also alleges that Keener lied during his preliminary examination about the circumstances under which he arrested plaintiff. Plaintiff seeks money damages and to have the criminal charges pending against him dismissed.

Plaintiff's allegations that he injured himself while fleeing from Keener do not state a claim for the use of excessive force. Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are cognizable under Section 1983, and are analyzed

under the Fourth Amendment prohibition against "unreasonable" seizures. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Under the circumstances alleged by plaintiff, plaintiff caused his own injuries by voluntarily choosing to flee from Keener, jumping out of his car, onto the cab of his truck and off the side of the road. There is no allegation that plaintiff had to flee in order to avoid being injured by Keener; it is simply alleged that Keener had drawn his gun during the traffic stop, not that he fired any shots or threatened to fire any shots. Simply put, under the circumstances alleged, had plaintiff not fled, he would not have been injured. Consequently, the allegations, even when liberally construed, do not state a cognizable claim against Keener for the use of excessive force.

Plaintiff also may not obtain money damages for Keener's allegedly false testimony during the preliminary hearing. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Ibid.* Moreover, *Heck* applies to claims arising out of pending charges, such as the claims raised here. *See Cabrera v. City of Huntington Park*, 159 F.3d 37, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). As plaintiff's claim that Keener gave false testimony about the circumstances of his arrest could, if true, invalidate a conviction or pending criminal charges, such claims are barred under *Heck* until such charges have been dismissed or otherwise invalidated.

Finally, plaintiff's request for this court to dismiss his pending criminal charges must also be dismissed because as a matter of comity federal courts may not interfere with ongoing

state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February __10__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\CLEMONS5484.DSM.wpd